UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAS HEALTH VENTURES, INC.,

     Plaintiff,

v.                                      Case No. 8:20-cv-1804-T-60SPF

ADVANCED PHYSICIANS, S.C., and
DANA VALLANDIGHAM-CARTER,

     Defendants.

_____/

**ORDER GRANTING CLAIMANT'S MOTION TO CONFIRM ARBITRATION
AWARD AND DENYING RESPONDENTS' MOTION TO VAVATE AWARD**

     This matter is before the Court on Plaintiff DAS Health Ventures, Inc.'s ("DAS")

"Claimant's Motion to Confirm Arbitration Award," filed on August 5, 2020.  (Doc. 1).  On

October 7, 2020, Respondents Advanced Physicians, S.C. ("Advanced Physicians") and its chief

executive officer Dr. Dana Vallandigham-Carter filed "Respondents' Motion to Vacate

Arbitration Award & Response in Opposition to Claimant's Motion to Confirm."  (Doc. 15).

Plaintiff filed its response in opposition to the motion to vacate on October 21, 2020 (Doc. 17)

and Defendant filed its reply on November 24, 2020.  (Doc. 20).  After reviewing the motion,

response, reply, court file, and record, the Court finds as follows:

**Background**

     On July 3, 2019, DAS initiated arbitration against Advanced Physicians and its CEO

Dr. Dana Vallandigham-Carter.  The arbitration primarily centered around the alleged breach

of a contract whereby DAS agreed to provide a package of technological services to Advanced

Physicians.  Arbitrator Melvia Green – an experienced and highly respected former judge on

Florida's Third District Court of Appeal – issued an award in favor of DAS on all claims. Respondents now claim the award should be vacated because Arbitrator Green exceeded her powers.

## Legal Standard

Judicial review of arbitration awards is extremely limited. *See AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc.*, 579 F.3d 1268, 1271 (11th Cir. 2009). District courts hearing arbitration appeals will not re-examine the merits or factual determinations of the underlying arbitration award. *Great Am. Ins. Co. v. Moye*, 733 F. Supp. 2d 1298, 1301 (M.D. Fla. 2010). "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38, (1987).

Both federal and state law limits the scope of judicial review of arbitration decisions. The Federal Arbitration Act ("FAA") provides that court may vacate an arbitration award only:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced: or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). The Florida Arbitration Code ("FAC") also lists grounds for vacating arbitration awards. *See* § 682.13, *F.S.* However, these grounds are "essentially the same" as those listed in the FAA. *Commercial Interiors Corp. of Boca Raton v.*

*Pinkerton & Laws, Inc.*, 19 So. 3d 1062, 1064 n.2 (Fla. 5th DCA 2009).  If no ground for

vacatur exists, arbitration awards must be confirmed.  9 U.S.C. § 9; § 682.13(4), *F.S.*

### Analysis[1]

Respondents argue the award should be vacated because Arbitrator Green exceeded her

powers.  Specifically, they contend that Arbitrator Green relied on a prior course of dealing

between the parties to determine whether the contract had been breached.  Respondents

argue this was explicitly prohibited by the contract, which stated that "[n]o course of prior

dealing between [the parties] may modify, supplement, or explain any terms used in this

Agreement."  (Doc. 15 at 8).  In relying on this information, Respondents contend that

Arbitrator Green exceeded her powers, so the award should be accordingly vacated.

The Court finds these arguments unpersuasive.  It is well settled that contract

interpretation is generally a matter of law.  *Lawyers Title Ins. Corp. v. JDC (Am.) Corp.*, 52

F.3d 1575, 1580 (11th Cir. 1995).  It is equally well established that courts may not vacate

awards based on legal errors made by the arbitrator absent extraordinary circumstances.

*United Paperworkers Int'l Unio*n 484 U.S. at 38; *Commercial Interiors Corp.*., 19 So. 3d at

1064 ("An award of arbitration may not be reversed on the ground that the arbitrator made an

error of law.").  Such extraordinary circumstances are limited to when an award fails to

"draw[] from the essence of the [parties'] agreement."  *Great Am. Ins. Co.*, 733 F. Supp. 2d at

1302; *see Raynor v. Fla. State Lodge*, 987 So. 2d 152, 154 (1st DCA 2008).  Effectively, the

question becomes "whether the arbitrator arguably interpreted the parties' contract."  *Visiting*

*Nurse Ass'n of Fla., Inc. v. Jupiter Med. Ctr., Inc*., 154 So.3d 1115, 1136 (Fla. 2014).

---

[1] In their submissions, the parties debate whether the Court should apply the vacatur grounds
under the FAA or the FAC.  However, the Court does not need to resolve that disagreement
because it has determined the outcome is the same under either statute.

Notwithstanding Respondents' objections to Arbitrator Green's reasoning, the award she entered meets this standard.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Claimant's Motion to Confirm Arbitration Award" (Doc. 1) is hereby **GRANTED**.

(2) "Respondents' Motion to Vacate Arbitration Award & Response in Opposition to Claimant's Motion to Confirm" (Doc. 15) is hereby **DENIED**.

(3) The arbitration award at Docs. 1-1 and 1-2 is **CONFIRMED**.

(4) The parties are directed to confer and submit a proposed final judgment on or before January 27, 2021. If, after conferring, they cannot agree on a proposed judgment, each party may submit a separate proposal.

(5) If no proposed final judgment is submitted on or before January 27, 2021, the Clerk is further directed to terminate any pending motions and deadlines, and thereafter **CLOSE** this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 13th day of January, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**